## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DENNIS PIERCE**                                    **CIVIL ACTION**

**VERSUS**                                            **NO.  14-2351**

**DARRELL VANNOY, WARDEN**                            **SECTION "E"(2)**


## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Dennis Pierce, is a convicted inmate incarcerated in the Dixon Correctional Institute in Jackson, Louisiana.[2]  On October 28, 2010, Pierce was charged by bill of information in Jefferson Parish with five counts of armed robbery.[3]  After being found competent to proceed, Pierce entered a guilty plea to each of the five counts.[4]  The state trial court sentenced him that same day to concurrent terms on each count of fifteen (15) years in prison at hard labor with a consecutive five year enhancement for using a handgun, for a total of twenty (20) years in prison.[5]

On August 23, 2011, Pierce submitted a post-conviction application to the state trial court in which he argued that the evidence was insufficient to support the verdict and his counsel provided ineffective assistance when he failed to file pretrial motions.[6]  The court denied relief on September 1, 2011, finding the insufficient evidence claim

---

[2]Rec. Doc. No. 3.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 10/28/10.

[4]St. Rec. Vol. 1 of 4, Plea Minutes, 2/24/11; Defendant's Acknowledgment, 2/24/11; Plea Transcript, 2/24/11; Motion to Appoint Sanity Commission, 1/7/11; Trial Court Order, 1/12/11; St. Rec. Vol. 2 of 4, Hearing Transcript, p. 6, 2/23/11.

[5]St. Rec. Vol. 1 of 4, Plea Minutes, 2/24/11; Plea Transcript, p. 42, 2/24/11.

[6]St. Rec. Vol. 1 of 4, Application for Post-Conviction Relief, 8/30/11 (dated 8/23/11).

procedurally improper for post-conviction review under La. Code Crim. P. art. 930.3.[7] The court also found no merit in the ineffective assistance of counsel claim under the standards set forth in Hill v. Lockhart, 474 U.S. 52 (1985).

On October 13, 2011, Pierce submitted another application for post-conviction relief to the state trial court asserting four grounds for relief:[8] (1) The state trial court erred in accepting the plea. (2) He received ineffective assistance because his counsel failed to object or preserve his right to seek review of the evidence, investigate the case which led to the entry of the guilty plea and allowed the trial court to conduct a faulty Boykin[9] colloquy to a group of defendants. (3) The trial court imposed an excessive sentence. (4) Counsel failed to notify him of his right to appeal, for which he requests an out-of-time appeal.  The state trial court did not address the claims and instead granted the request for an out-of-time appeal on January 3, 2012.[10]

Pierce's appointed appellate counsel filed a brief with the Louisiana Fifth Circuit Court of Appeal which included a request for an errors patent review, a motion to withdraw as Pierce's counsel, and a statement indicating that counsel had found no non-

---

[7]St. Rec. Vol. 1 of 4, Trial Court Order, 9/1/11.

[8]St. Rec. Vol. 1 of 4, Application for Post-Conviction Relief, 10/19/11 (dated 10/13/11).

[9]Boykin v. Alabama, 395 U.S. 238 (1969) (a guilty plea cannot be inferred from silence and must be based on express affirmations made intelligently and voluntarily).

[10]St. Rec. Vol. 1 of 4, Trial Court Order, 1/3/12.

frivolous appealable issue in connection with Pierce's guilty plea, all pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and <u>State v. Jyles</u>, 704 So.2d 241 (La. 1997).[11] Although given the opportunity to do so, Pierce did not file a supplemental appeal brief on his own behalf.[12]  The Louisiana Fifth Circuit affirmed the conviction and sentence on December 11, 2012, finding that the plea was voluntarily made.[13]

Pierce's conviction became final thirty (30) days later, on January 10, 2013, when he did not seek rehearing or file for review in the Louisiana Supreme Court.  <u>Butler v. Cain</u>, 533 F.3d 314 (5th Cir. 2008) (citing <u>Roberts v. Cockrell</u>, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); <u>Jiminez v. Quarterman</u>, 555 U.S. 113, 121 (2009) (a state defendants conviction is not final for purposes of seeking federal habeas review until the conclusion of the out of time appeal process).

Pierce submitted an application for post-conviction review to the state trial court on May 9, 2013, asserting five grounds for relief:[14] (1) The guilty plea was involuntarily made under duress, coercion and intimidation because the state trial court and the

---

[11]St. Rec. Vol. 2 of 4, Appeal Brief, 12-KA-261, 4/13/12.

[12]<u>State v. Pierce</u>, 106 So.3d 1058, 1060-61 (La. App. 5th Cir. 2012); St. Rec. Vol. 1 of 4, 5th Cir. Opinion, 12-KA-261, 12/11/12.

[13]<u>Id</u>.

[14]St. Rec. Vol. 1 of 4, Application for Post-Conviction Relief, 5/17/13 (dated 5/9/13).

prosecution threatened him with a life sentence if he went to trial. (2) The state trial court erred by using a faulty <u>Boykin</u> process addressing a group of defendants. (3) He was denied effective assistance of counsel because his counsel allowed him to enter an involuntary guilty plea and the court to use a faulty <u>Boykin</u> process. (4) His incarceration violates due process because it was based on counsel's misleading advice. (5) The cumulative effect of the errors violates equal protection, due process and Louisiana law.

Following additional briefing from the State and Pierce, the state trial court denied the application in an October 22, 2013 opinion, in which it found the claims meritless and repetitive of prior claims.[15]  On December 12, 2013, the Louisiana Fifth Circuit denied Pierce's writ application with reasons supplementing those of the trial court.[16]  The Louisiana Supreme Court denied Pierce's writ application on September 12, 2014, without stated reasons.[17]

---

[15]St. Rec. Vol. 1 of 4, Trial Court Order, 10/22/13.

[16]St. Rec. Vol. 1 of 4, 5th Cir. Order, 13-KH-941, 12/12/13; St. Rec. Vol. 3 of 4, 5th Cir. Writ Application, 13-KH-941, dated 11/11/13.

[17]<u>State ex rel. Pierce v. State</u>, 147 So.3d 184 (La. 2014); St. Rec. Vol. 4 of 4, La. S. Ct. Order, 2014-KH-0029, 9/12/14; La. S. Ct. Writ Application, 14-KH-29, 1/9/14 (dated 12/24/13).

II.    <u>FEDERAL HABEAS PETITION</u>

On November 10, 2014, the clerk of this court filed Pierce's petition for federal habeas corpus relief in which he asserted the following grounds for relief:[18] (1) The guilty plea was involuntarily made under duress, coercion and intimidation because he was threatened by the state trial court and the State with a life sentence if he went to trial. (2) The state trial court erred by using a faulty <u>Boykin</u> process addressing a group of defendants. (3) He was denied effective assistance of counsel because his counsel allowed him to enter an involuntary guilty plea and the court to use a faulty <u>Boykin</u> process. (4) His incarceration violates due process because his counsel gave misleading advice. (5) The cumulative effect of the errors violates equal protection, due process and Louisiana law.

The State filed a response in opposition to Pierce's petition conceding that the federal petition was timely filed and that state court review of the claims has been exhausted.[19]  The State argues that Pierce's claims of ineffective assistance of counsel and challenging the <u>Boykin</u> process are improper for federal review because he entered a guilty plea and waived all non-jurisdictional defects in the proceeding that do not

---

[18]Rec. Doc. No. 3.

[19]Rec. Doc. No. 15.

address the voluntariness of his plea.  The State also argues that all of Pierce's claims are

without merit, and the state courts' rulings are entitled to deference.

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[20] and

applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).  The AEDPA therefore

applies to Pierce's petition, which, for reasons discussed below, is deemed filed in a

federal court on October 6, 2014.[21]

The threshold questions in habeas review under the amended statute are whether

the petition is timely and whether petitioner's claims were adjudicated on the merits in

---

[20]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk filed Pierce's petition on November 10, 2014, when pauper status was granted.  Pierce dated his signature on the form petition on October 6, 2014, which is the earliest date appearing in the record on which he could have submitted the pleadings to the prison officials for mailing to the court.

state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State concedes and I find that Pierce's petition was timely filed and he has exhausted state court remedies. However, I reject the State's "procedural objection" to collateral review of non-jurisdictional issues that do not challenge the voluntariness of a guilty plea. See Rec. Doc. No. 15, pp. 9-10 (citing, inter alia, Smith v. Estelle, 711 F.2d 677 (5th Cir. 1983), Tollett v. Henderson, 411 U.S. 258 (1973)). Pierce's petition repeatedly challenges the voluntariness of his plea based on such things as coercion, trial court error and the poor advice of counsel. The fact that the State contends that the plea was voluntarily and knowingly made does not change the nature of Pierce's arguments. There is no question that Pierce placed the voluntariness of his plea at issue before both the state courts and this court, negating any need for further discussion of the "procedural objection" invoked by the State.

IV.   STANDARDS OF A MERITS REVIEW

28 U.S.C. §§ 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law in federal habeas corpus proceedings. Nobles, 127 F.3d at 419-20 (citing 28 U.S.C. § 2254(b) and (c)).

Determinations of questions of fact by the state court are "presumed to be correct . . . and we will give deference to the state court's decision unless it 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(2)), cert. denied, 532 U.S. 1039 (2001). The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference, unless the state court's decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Penry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill, 210 F.3d at 485. The United States Supreme Court has clarified the Section 2254(d)(1) standard as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from

this Court's decisions but unreasonably applies that principle to the facts
of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 405-06, 412-13 (2000); Penry, 532 U.S. 792-93;  Hill,

210 F.3d at 485.  The "critical point" in determining the Supreme Court rule to be applied

"is that relief is available under § 2254(d)(1)'s unreasonable-application clause if, and

only if, it is so obvious that a clearly established rule applies to a given set of facts that

there could be no 'fairminded disagreement' on the question." (citation omitted)  White

v. Woodall, __ U.S. __, 134 S. Ct. 1697, 1706-07 (2014) (citing Harrington v. Richter,

562 U.S. 86, 103 (2011), and Knowles v. Mirzayance, 556 U.S. 111, 122 (2009)).  "Thus,

'if a habeas court must extend a rationale before it can apply to the facts at hand,' then

by definition the rationale was not 'clearly established at the time of the state-court

decision.'"  White, 134 S. Ct. at 1706 (quoting Yarborough v. Alvarado, 541 U.S. 652,

666 (2004)).

"'A federal habeas court may not issue the writ simply because that court

concludes in its independent judgment that the state court decision applied [a Supreme

Court case] incorrectly.'"  Price v. Vincent, 538 U.S. 634, 641 (2003) (quoting Woodford

v. Visciotti, 537 U.S. 19, 24-25 (2002)) (brackets in original); Bell v. Cone, 535 U.S.

685, 699 (2002).  Rather, under the "unreasonable application" standard, "the only

question for a federal habeas court is whether the state court's determination is

objectively unreasonable."  Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002), cert.

10

denied, sub nom, Neal v. Epps, 537 U.S. 1104 (2003).  The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner.  Price, 538 U.S. at 641 (quoting Woodford, 537 U.S. at 24-25); Wright v. Quarterman, 470 F.3d 581, 585 (5th Cir. 2006).

V.      ANALYSIS

A.      VOLUNTARY GUILTY PLEA (CLAIM NO. 1)

Pierce alleges that his guilty plea was involuntary and unknowing because it was made under duress, coercion and intimidation.  He claims that his attorney told him that the state trial court and the State were threatening to give him a life sentence if he went to trial.  He claims that he entered the guilty plea as a result of this misleading information.

The Louisiana Fifth Circuit first addressed the propriety of Pierce's plea in its out-of-time appeal review for errors patent in which it found that the plea was knowing and voluntary.  The court reviewed the record and determined that Pierce was advised of the charges to which he was pleading guilty and understood and waived each of his constitutional rights.  The court noted that Pierce also stated that he was not being forced, coerced or threatened to enter the plea and that he understood the plea agreement.  Pierce also acknowledged on the waiver of rights form that the maximum penalty he faced

without the agreement was ninety-nine (99) years in prison, plus the five-year weapon enhancement.

Pierce later challenged the constitutionality of his plea on post-conviction review in the state trial court.  The court found that the plea complied with Boykin, and that Pierce expressly acknowledged the charges, his sentence exposure and the waiver of his rights.  In the last reasoned opinion on this issue,[22] the Louisiana Fifth Circuit reiterated these findings and referenced its prior conclusion on appeal that the plea was voluntary and knowing.

The validity of a guilty plea is a question of law, although historical facts are entitled to a presumption of correctness.  Parke v. Raley, 506 U.S. 20, 35 (1992) (citing Marshall v. Lonberger, 459 U.S. 422, 431 (1983)); United States v. Hernandez, 234 F.3d 252, 254 (5th Cir. 2000) (citing United States v. Amaya, 111 F.3d 386, 388 (5th Cir. 1997)); Barnes v. Johnson, 160 F.3d 218, 222 (5th Cir. 1988). The court must therefore determine if denial of relief by the state courts was contrary to or an unreasonable application of federal law.

_____

[22]The Louisiana Supreme Court denied Pierce's subsequent writ application without stated reasons.  See Ylst v. Nunnemaker, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

A prisoner generally may not "collaterally attack a voluntary and intelligent" plea. Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991). "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000) (citing James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995)). "If a defendant understands the charges against him, understands the consequences of [the] plea, and voluntarily chooses to plead . . . without being coerced to do so, the . . . plea . . . will be upheld on federal review." Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980) (en banc), modified on other grounds, 646 F.2d 902 (5th Cir. 1981).

A plea therefore "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" Bousley v. United States, 523 U.S. 614, 618 (1998) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" Id. (quoting Brady, 397 U.S. at 749). Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation. Amaya, 111 F.3d at 389.

A plea qualifies as intelligent when the criminal defendant enters it after receiving "'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" Bousley, 523 U.S. at 618 (quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941)). A "plea is invalid if the defendant does not

13

understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." James, 56 F.3d at 666 (citing Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976)).

In addition, "[t]he consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." United States v. Rivera, 898 F.2d 442, 447 (5th Cir. 1990); Ables v. Scott, 73 F.3d 591, 592 n. 2 (5th Cir. 1996). A defendant who is aware of the maximum term of imprisonment he faces is aware of the consequences of his plea, thus rendering it valid for constitutional purposes. Hobbs v. Blackburn, 752 F.2d 1079, 1082 (5th Cir.), cert. denied, 474 U.S. 838 (1985); Hernandez, 234 F.3d at 256-57 (with respect to sentencing issues, a matter is a direct consequence of the plea only if it is related to either the length or nature of the sentence). Louisiana law follows these same directives in its statutory requirements under the La. Code Crim. P. art. 556.1 for felony guilty pleas.[23] Thus, a

---

[23]For example, La. Code Crim. P. art. 556.1(A) provides in relevant part as follows:

A.    In a felony case, the court shall not accept a plea of guilty or nolo contendere without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:

(1)    The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law. [. . .]

(3)    That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.

14

plea is valid if the defendant understood the nature of the constitutional protections being waived, the charges against him and the sentencing exposure.  See James, 56 F.3d at 666 (citing Henderson, 426 U.S. at 645 n.13).

As determined by the state courts and established by the record, Pierce was advised of the nature of the five counts of armed robbery with which he was charged and the enhancement he faced due to his use of a handgun, and was advised of each of the rights he waived. The court explained to Pierce that his plea must be free and voluntary and asked him if "anybody used any force, intimidation, threats, promise or promise of reward" for the purpose of making or forcing him to enter a guilty plea.[24]  Pierce answered, "No," and later acknowledged that he was pleading guilty because he was in fact guilty.[25]

Pierce does not challenge his understanding of the charges or the fact that he waived each of his constitutional rights.  Instead, he focuses on his allegation that his counsel, the court and the State led him to believe that he would receive a life sentence if he went to trial and was convicted.  He considers this advice to have been coercion to compel him to accept the plea deal.

---

(4)   That if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.

[24]Id., p. 18.

[25]Id., pp. 19, 25, 34.

However, the law required that Pierce be advised of the maximum sentence he faced should he have chosen to go trial.  Under Louisiana law, the penalty for the each of underlying armed robbery charges was between a minimum of ten (10) years and a maximum of ninety-nine (99) years in prison under La. Rev. Stat. § 14:64(B), with a five-year weapon enhancement under La. Rev. Stat. § 14:64.3 to be added to, or run consecutively with, the term imposed.  In this case, as required by the law, the trial court advised Pierce of the maximum sentence on the record and in writing on the plea form:[26]

> THE COURT:
>     Mr. Pierce, in your case No. 10-4995, is it your understanding that you are pleading guilty of five counts of armed robbery, each count having a five year enhancement regarding possession of a firearm.  Those five counts occurred on 1 September 2010, for which you might get ninety nine years plus five years, do you understand that?
>
> MR. PIERCE:
>     Yes, sir.

For any person, especially Pierce, who was eighteen (18) years old, the maximum sentence exposure of 104 years would be the equivalent of a life sentence and perhaps may even have been referred to as a "life" sentence by his counsel during discussions with Pierce.  Much to Pierce's benefit, there was an agreed upon sentence as part of his plea agreement, which provided that he would receive the much lower concurrent

---

[26] St. Rec. Vol. 1 of 4, Plea Transcript, p. 16, 2/24/11; Defendant's Acknowledgment, 2/24/11.

16

sentences of fifteen years in prison on each count, with the five-year enhancements to run consecutively, for a total sentence of 20 years in prison at hard labor.

By accepting the plea agreement, Pierce achieved the ultimate goal of a shorter stint in prison. A guilty plea that represents a voluntary and intelligent choice among the alternatives available to a defendant to avoid a possible longer sentence is not coerced. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Boykin, 395 U.S. at 242. Similarly, under Louisiana law, when a trial judge explains the possible penalties a defendant would face after trial and conviction by jury compared to those offered in a plea agreement, there is no inherent coerciveness. State v. Bouie, 817 So.2d 48, 55 (La. 2002). The Louisiana Supreme Court has explained that the advice given by the trial judge in that instance concerns information that an accused should possess to enter a knowing and intelligent guilty plea. Id. This is consistent with the Supreme Court precedent outlined above.

The record demonstrates that Pierce was aware of the charges against him, the constitutional rights he was waiving, and the consequences of his plea. The law required that he be advised of the maximum penalties he faced. He has not established that his plea was coerced or otherwise involuntarily or unknowingly made. The state courts' decisions denying relief on this claim were not contrary to or an unreasonable application of Supreme Court law. He is not entitled to relief.

B.     BOYKIN COLLOQUY (CLAIM NO. 2)

Pierce alleges that the state trial court violated his due process rights by conducting the Boykin colloquy among a group of offenders rather than individually. The state courts addressed this claim in combination with Pierce's challenge to the voluntariness of his plea.  The Louisiana Fifth Circuit concluded that the group colloquy did not affect the voluntariness of Pierce's plea because the trial court addressed its questions, waivers and comments to each individual defendant.

As indicated previously, the validity of a guilty plea is a question of law and the underlying findings of fact are entitled to a presumption of correctness.  See Parke, 506 U.S. at 35.  For Pierce to be entitled to relief, he would have to establish that the denial of relief on this point by the state courts was contrary to or an unreasonable application of Supreme Court law.

I have already addressed the voluntariness of Pierce's plea under the appropriate federal standards set forth above.  Pierce does not indicate how the group-style colloquy conducted by the state trial court impacted the voluntariness of his plea.  His argument instead simply is that the colloquy should not have been done in a group setting. However, there is no federal law, as established by the Supreme Court, that would indicate that a group plea colloquy violates the Constitution.  See Howell v. Hodge, No. 06-CV-108, 2010 WL 1252201, at *6 (E.D. Ten. Mar. 24, 2010).  "[T]here is no fixed

18

colloquy, no set sequence or number of questions and answers, no minimum length of the hearing, and no talismanic language that is required to be used in guilty-plea hearings.'" United States v. Williams, 20 F.3d 125, 133-34 & n.9 (5th Cir.), cert. denied, 513 U.S. 891 (1994) (citation and quotation omitted). Where there is no clearly established rule of law from the Supreme Court prohibiting a multi-defendant plea hearing, the state courts' denial of relief can not be contrary thereto. See White, 134 S. Ct. at 1706-07.

For the reasons set forth above, I have concluded that Pierce's guilty plea was intelligently, knowingly and voluntarily made in accordance with federal law. The state trial court posed its questions in a manner tailored to each defendant, including Pierce, and provided additional explanation to each defendant when needed. Pierce therefore has not shown that the denial of relief on this issue was contrary to Supreme Court law, or that the state courts' related factual findings were unsupported by the record. Pierce is not entitled to relief on this issue.

C.    ASSISTANCE OF COUNSEL (CLAIMS NOS. 3, 4)

Pierce alleges that he was denied effective assistance of counsel because his counsel gave misleading advice to enter an involuntary plea of guilty and allowed the court to use the multi-defendant or group Boykin procedure. He further claims that counsel did not investigate the State's case or subpoena or interview witnesses.

19

Relying on the standards set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and <u>Hill</u>, 474 U.S. at 52, the state trial court denied Pierce's claim on post-conviction review as speculative, conclusory and unsupported by any facts. The Louisiana Fifth Circuit also denied relief under <u>Strickland</u> and <u>Hill</u>, agreeing with the lower court that Pierce did not establish that his counsel's performance was deficient or that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial. This was the last reasoned opinion on the issue.

The issue of ineffective assistance of counsel is a mixed question of law and fact. <u>Clark v. Thaler</u>, 673 F.3d 410, 416 (5th Cir. 2012); <u>Woodfox v. Cain</u>, 609 F.3d 774, 789 (5th Cir. 2010). Thus, the question before this court is whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court.

The Supreme Court's holding in <u>Strickland</u>, relied on by the state courts, is the appropriate standard for judging the performance of counsel when a defendant enters a plea of guilty. <u>Hill</u>, 474 U.S. at 58. In <u>Strickland</u>, the Supreme Court established a two-part test for evaluating claims of ineffective assistance of counsel, requiring petitioner to prove both deficient performance and resulting prejudice. <u>Strickland</u>, 466 U.S. at 697. The Supreme Court first held that "the defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 687-88; <u>Hill</u>, 474 U.S. at 57. Second, "[t]he defendant must show that there is a reasonable probability that, but for

20

counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). In the context of a guilty plea, "[i]n order to satisfy . . . [Strickland's] 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

In deciding ineffective assistance of counsel claims, this court need not address both prongs of the conjunctive Strickland standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. Kimler, 167 F.3d at 893. A habeas corpus petitioner "need not show that 'counsel's deficient conduct more likely than not altered the outcome in the case.' . . . But it is not enough under Strickland, 'that the errors had some conceivable effect on the outcome of the proceeding.'" (citation omitted) Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994) (quoting Strickland, 466 U.S. at 693); Harrington, 562 U.S. at 112 (Strickland requires a "substantial" likelihood of a different result, not just "conceivable" one.)

On habeas review, the United States Supreme Court has recently clarified that, under Strickland, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Harrington, 562 U.S. at 105. The Harrington Court

21

went on to recognize the high level of deference owed to a state court's findings under

Strickland in light of the AEDPA:

> The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington, 562 U.S. at 105.

Thus, scrutiny of counsel's performance under § 2254(d) is "doubly deferential."

Cullen v. Pinholster, __ U.S. __, 131 S. Ct. 1388, 1403 (2011) (quoting Knowles, 556

U.S. at 123). This court must therefore apply the "strong presumption" that counsel's

strategy and defense tactics fall "within the wide range of reasonable professional

assistance." Strickland, 466 U.S. at 690.

Federal habeas courts presume that litigation strategy is objectively reasonable

unless clearly proven otherwise by the petitioner. Id., 466 U.S. at 689; Geiger v. Cain,

540 F.3d 303, 309 (5th Cir. 2008); Moore v. Johnson, 194 F.3d 586, 591 (5th Cir. 1999).

In assessing counsel's performance, a federal habeas court must make every effort to

eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's

challenged conduct, and to evaluate the conduct from counsel's perspective at the time

of trial. Strickland, 466 U.S. at 689; Neal, 286 F.3d at 236-37; Clark v. Johnson, 227

22

F.3d 273, 282-83 (5th Cir. 2000), cert. denied, 531 U.S. 1167 (2001).  Tactical decisions when supported by the circumstances are objectively reasonable and do not amount to unconstitutionally deficient performance.  Lamb v. Johnson, 179 F.3d 352, 358 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999) (citing Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997) and Mann v. Scott, 41 F.3d 968, 983-84 (5th Cir. 1994)).

Pierce alleges that his counsel gave misleading advice to enter an involuntary guilty plea.  He has not specifically identified the nature of that advice, except that he notes counsel's reference to the maximum "life" sentence he could receive if he were convicted by a jury.  As discussed above, this was not false, misleading or coercive under the law.  Instead, it was counsel's duty to advise Pierce of his potential maximum sentencing exposure in discussing the benefits of accepting the plea agreement.  Counsel's actions and advice under the circumstances were entirely reasonable, prudent and not prejudicial.

Pierce also claims that his counsel did not adequately investigate the lack of evidence or prepare for trial.  "'A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" (emphasis added, citation omitted) Moawad v. Anderson, 143 F.3d 942, 948 (5th Cir. 1998); Druery v. Thaler, 647 F.3d 535, 541 (5th Cir. 2011).  A petitioner cannot show prejudice as to a

23

claim that his counsel failed to investigate without adducing what the investigation would have shown. Diaz v. Quarterman, 239 F. App'x 886, 890 (5th Cir. 2007) (citing Strickland, 466 U.S. at 696, recognizing that some evidence is required to show that "the decision reached would reasonably likely have been different."). To prevail on such a claim, petitioner must provide factual support showing what exculpatory evidence further investigation would have revealed. Moawad, 143 F.3d at 948; Brown v. Dretke, 419 F.3d 365, 375 (5th Cir. 2005); Davis v. Cain, No. 07-6389, 2008 WL 5191912, at *10 (E.D. La. Dec. 11, 2008) (order adopting referenced Report and Recommendation).

In addition, it is well settled that "'[c]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative.'" Graves v. Cockrell, 351 F.3d 143, 156 (5th Cir. 2003) (quoting Buckelew v. United States, 575 F.2d 515, 521 (5th Cir. 1978)); Bray v. Quarterman, 265 F. App'x 296, 298 (5th Cir. 2008). To prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009) (citing Bray, 265 F. App'x at 298).

24

In this case, Pierce has identified <u>no</u> <u>exculpatory</u> evidence or favorable witness that would have been discoverable through more pretrial investigation by counsel. Pierce instead argues that counsel may not have informed him of all of the available defenses and counsel did not think it was necessary to file pretrial motions. As resolved by the state courts, his claim is speculative and not supported by the record.

Specifically, the record reflects that counsel engaged in discovery and requested a preliminary examination to challenge the State's probable cause.[27] He also filed a motion on January 3, 2011, seeking to suppress Pierce's statements, the identification evidence and evidence allegedly seized without a valid warrant.[28] Defense counsel also moved for appointment of a sanity commission to evaluate Pierce's competence to proceed based on his suicidal actions in prison and his family's claim that Pierce had a history of mental health treatment.[29]

The pleadings and counsel's actions reflect that he took an active role in investigating and defending Pierce's case and in utilizing available pretrial challenges to the State's case. The motion for appointment of the sanity commission also reflects

---

[27]St. Rec. Vol. 2 of 4, Motion for Preliminary Examination, 10/7/10; St. Rec. Vol. 1 of 4, Motion for Discovery and Inspection, 11/3/10; Minute Entry (discovery hearing), 1/3/11.

[28]St. Rec. Vol. 1 of 4, Motion to Suppress, 1/3/11.

[29]St. Rec. Vol. 1 of 4, Motion to Appoint Sanity Commission, 1/7/11; Trial Court Order, 1/12/11. After receiving the commission's report, the Trial Court found Pierce competent to proceed. St. Rec. Vol. 1 of 4, Minute Entry, 2/23/11; St. Rec. Vol. 2 of 4, Hearing Transcript, 2/23/11.

that counsel communicated with Pierce and his family before filing that motion.  Pierce has not shown that counsel was deficient in his pretrial preparation and investigation or that Pierce was prejudiced as a result.

Counsel also was not deficient in failing to object to the group-style colloquy conducted by the state trial court.  As discussed above, there was no legal basis for counsel to object to the format of that proceeding.  Pierce, therefore, has failed to identify any deficiency in counsel's performance or prejudice arising from the failure to enter an objection where none was warranted.  See Clark v. Thaler, 673 F.3d at 429 ("failure to assert a meritless objection cannot be grounds for a finding of deficient performance"); Wood v. Quarterman, 503 F.3d 408, 413 (5th Cir. 2007) ("'[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite'") (quoting Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994)); Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998) (failure to make a frivolous objection is not deficient performance below an objective level of reasonableness).

Pierce has failed to establish that his counsel acted outside of reasonable performance or caused any prejudice to the defense; specifically, that he would have chosen to go trial rather than enter the plea to receive an extremely favorable sentence.  The denial of relief on his ineffective assistance of counsel claim was not contrary to or an unreasonable application of Strickland.  Pierce is not entitled to relief.

26

D.   <u>CONTINUED INCARCERATION AND CUMULATIVE ERROR (CLAIMS NOS. 4, 5)</u>

Pierce contends that his continued incarceration violates the Constitution because it resulted from his counsel's misleading advice regarding the guilty plea.  He references the alleged ineffective assistance of counsel as reason for this court to find that he should be released or retried on general due process principles.  In addition, he argues that the cumulative effect of the errors by his counsel also contributed to the overall unfairness of his criminal proceedings.

The state trial court denied relief on these claims, noting that Pierce did not specify a constitutional violation and the cumulative error issue was not a proper claim for post-conviction review under La. Code Crim. P. art. 930.3.  The Louisiana Fifth Circuit subsequently agreed that no constitutional violation was established and the cumulative error claim was not properly raised on post-conviction review.  In doing so, the appellate court also referenced its prior findings that Pierce's claims of an involuntary plea and ineffective assistance of counsel were without merit.  This was the last reasoned opinion on the issue.

Due process standards require this court to consider "whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."  <u>Swarthout v. Cooke</u>, 562 U.S. 216, __, 131 S. Ct. 859, 861 (2011) (citing <u>Ky. Dept. of Corr. v. Thompson</u>, 490

27

U.S. 454, 460 (1989)).  Due process requires, therefore, that the court grant habeas relief only when the errors of the state court make the underlying proceeding fundamentally unfair.  Neyland v. Blackburn, 785 F.2d 1283 (5th Cir. 1989).

   The Supreme Court has recognized that under due process considerations, the cumulative effect of errors, though not individually worthy, could be collectively significant.  Kyles v. Whitley, 514 U.S. 419, 436-37 (1995).  In considering a claim of cumulative error, the doctrine "provides relief only when the constitutional errors committed in the state trial court so fatally infected the trial that they violated the trial's fundamental fairness."  (internal quotations omitted) Carty v. Quarterman, 345 F. App'x 897, 909 (5th Cir. 2009) (quoting Spence v. Johnson, 80 F.3d 989, 1000 (5th Cir. 1996)).  To provide relief on federal habeas review, cumulative errors must have "more likely than not caused a suspect verdict."  Carty, 345 F. App'x at 909.

   For the reasons discussed in this report, Pierce has identified no constitutional error or violation arising from the state criminal proceedings or the state court rulings on his various claims, including the effective assistance of his counsel.  Without some showing of a constitutional error, there can be no deleterious cumulative effect for this court to consider.  Turner v. Quarterman, 481 F.3d 292, 301 (5th Cir. 2007) (". . . where individual allegations of error are not of constitutional stature or are not errors, there is 'nothing to cumulate.'"); Martinez-Perez v. Dretke, 172 F. App'x 76, 83 (5th Cir. 2006)

("Obviously, if there was <u>no</u> error . . . there was <u>no</u> cumulative error." (emphasis in original)); <u>see also</u> <u>United States v. Fields</u>, 761 F.3d 443, 483 (5th Cir. 2014) (where no error by lower court was established, there was no cumulative error).

Specifically to his counsel's assistance, he has shown no errors, much less errors that can be considered to have created a prejudicial effect.  See <u>Turner</u>, 481 F.3d at 301 (citing <u>Derden v. McNeel</u>, 978 F.2d 1453, 1454, 1461 (5th Cir. 1992) (meritless claims or claims that are not prejudicial cannot be cumulated regardless of the total number raised)). When individual contentions of ineffective assistance are meritless, that result cannot be changed simply by asserting the same claims collectively.  "[I]neffective assistance of counsel cannot be created from the accumulation of acceptable decisions and actions." <u>United States v. Hall</u>, 455 F.3d 508, 520 (5th Cir. 2006) (citing <u>Miller</u>, 200 F.3d at 286 n.6); <u>Sholes v. Cain</u>, 370 F. App'x 531, 535 (5th Cir. 2010); <u>Mullen v. Blackburn</u>, 808 F.2d 1143, 1147 (5th Cir. 1987) (with respect to cumulation of meritless claims, "Twenty times zero equals zero.").

The state courts' denial of relief on these issues was not contrary to or an unreasonable application of federal law.  Pierce is not entitled to relief on these claims.

29

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Pierce's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[30]

New Orleans, Louisiana, this _____5th_____ day of May, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[30]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.